14-4133
United States v. Lin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand nineteen.

PRESENT: JON O. NEWMAN
         DENNIS JACOBS,
                        **Circuit Judges**,
         LEWIS A. KAPLAN,*
                        **District Judge**.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

                                    -v.-                                    14-4133

**XING LIN,**
                **Defendant-Appellant.**



- - - - - - - - - - - - - - - - - - -X


**FOR APPELLANT:**                    Megan W. Benett, Kreindler & Kreindler
                                      LLP, New York, NY.

**FOR APPELLEE:**                     Sarah K. Eddy, Assistant United States
                                      Attorney, for Geoffrey S. Berman, United
                                      States Attorney for the Southern District of
                                      New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Xing Lin was convicted after a jury trial on four counts, including murder through use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Section 924(j) prescribes certain penalties if a defendant causes the death of a person while violating 18 U.S.C. § 924(c).  18 U.S.C. § 924(j).  Section 924(c) punishes "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  Id. § 924(c)(1).  Section 924(c)(3) defines the "crime of violence" element of

section 924(c)(1)(A) as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3).

Lin argues that the extortion underlying his section 924(j) conviction, as it was committed, was not a "crime of violence." We disagree.

Section 924(c)(3)(B) is not unconstitutionally vague because it applies to a defendant's case-specific conduct, "with a jury making the requisite findings about the nature of the predicate offense and the attending risk of physical force being used in its commission." United States v. Barrett, 903 F.3d 166, 178 (2d Cir. 2018). If the conduct-specific determination was not made by the jury, we review the omission of the element from the jury charge for harmless error. Id. at 184. We reverse if "the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." Id. (quoting Neder v. United States, 527 U.S. 1, 15 (1999)).

Violence was integral to Lin's extortion scheme; no rational juror would have concluded otherwise. The jury heard that Lin extorted $2,000 a month from Huo Guang Chen by threatening him with violence. And when Chen later ceased the payments on instruction from Chan Qin Zhou, Lin ordered Zhou killed, and then ordered Chen to resume payments. Accordingly, Lin's extortion "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B), and the failure to submit the section 924(c)(3) inquiry to the jury is harmless error beyond a reasonable doubt.

For the foregoing reasons, and finding no merit in Lin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3